UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>HOWARD EUGENE NICKLES,<br>Defendant. | Case No. 16-cr-00356-PJH-1<br><br>**ORDER SUSTAINING DEFENSE OBJECTION TO RECOMMENDED OFFENSE LEVEL** |

Defendant Howard Eugene Nickles, III, objects to applying an increased offense level as recommended in the PSR based on his prior robbery conviction under U.S.S.G. § 2K2.1(a)(3) (applying base offense level of 22 if (A) the offense involved a semiautomatic firearm that is capable of accepting a large capacity magazine; and (B) the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense). Def. Obj. and Sent. Mem. (doc. no. 18). The applicable definition of a "crime of violence" is set forth in U.S.S.G. § 4B1.2, which was amended, effective August 1, 2016, to clarify the enumerated offenses that qualify as a crime of violence and to define "extortion" as used in the guideline. As the court determined at the sentencing hearing, under the Sentencing Guidelines currently in effect, robbery under California law no longer qualifies as a "crime of violence" as defined in § 4B1.2.

In support of the increased base offense level for a prior crime of violence conviction, the government cites the court's earlier denial of § 2255 claims under *Johnson v. United States*, 135 S. Ct. 2551 (2015), that challenged sentencing

enhancements based on determinations that Penal Code § 211 was a crime of violence under the guidelines in effect at the time of sentencing. U.S. Sent. Mem. at 4 (doc. no. 19). In *United States v. Branch*, CR 04-40022 PJH, and *United States v. Lam*, CR 08-461 PJH, the court denied *Johnson* claims asserting that robbery under Penal Code § 211 is not a crime of violence, based on Ninth Circuit authority recognizing that "if a conviction under Cal. Penal Code § 211 involved a threat not encompassed by generic robbery, it would necessarily constitute generic extortion and therefore be a 'crime of violence' under U.S.S.G. § 2L1.2." *United States v. Becerril-Lopez*, 541 F.3d 881, 892 (9th Cir. 2008). Both generic robbery and generic extortion are included in the enumerated offenses clause of the crime of violence definition in the commentary to § 2L1.2, whereas in *Branch* and *Lam,* the moving defendants disputed that robbery and extortion were enumerated offenses under the applicable "crime of violence" definition of § 4B1.2, because neither offense was listed in the text of § 4B1.2. After determining that both robbery and extortion were included as enumerated offenses in § 4B1.2 and Application Note 1, the court extended the holding of *Becerril-Lopez,* that a robbery conviction under Cal. Penal Code § 211 was a categorical crime of violence for purposes of U.S.S.G. § 2L1.2, to hold that § 211 was a categorical crime of violence under § 4B1.2.

Under the crime of violence definition that applies to defendant Nickles here, § 4B1.2 has been amended to clarify that the enumerated offenses include both robbery and extortion: "murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, **robbery**, arson, **extortion**, or the use or unlawful possession of a firearm . . . or explosive material [as defined by statute]." U.S.S.G. § 4B1.2(a)(2) (emphasis added). As defense counsel aptly points out, the commentary to § 4B1.2 has also been amended to include a definition of "extortion" that is more restrictive than the generic definition of extortion, which was applied by the court in *Becerril-Lopez*:

> The Supreme Court has defined generic extortion as "obtaining something of value from another with his consent induced by the wrongful use of force, fear, or threats." *Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393, 409 (2003) (internal quotation marks omitted). Unlike robbery, the

2

> threats that can constitute extortion under the modern statutes include threats to harm property and to cause other unlawful injuries. *See* 3 [W. LAFAVE, SUBSTANTIVE CRIMINAL LAW § 20.4(a)(4) & n.16 (2d ed. 2003)] (citing statutes). Becerril cites no authority, and we find none, to suggest that the fear of "unlawful injury" punished by Cal. Penal Code § 211 is incompatible with generic extortion.

*Becerril-Lopez*, 541 F.3d at 891–92. The court in *Becerril-Lopez* recognized that § 211 is broader than generic robbery because it encompasses mere threats to property, which fall within generic extortion, such as "Give me $10 or I'll key your car" or "Open the cash register or I'll tag your windows." *Id.* at 891. By contrast, Application Note 1 to § 4B1.2 now provides a definition of the enumerated offense of extortion which does not include threats to property, but limits the offense to those having an element of force or an element of fear or threats of physical injury:

> "Extortion" is obtaining something of value from another by the wrongful use of (A) force, (B) fear of physical injury, or (C) threat of physical injury.

U.S.S.G. § 4B1.2, cmt. n.1. The Sentencing Commission articulated the reason for narrowing the definition of extortion as applied to a crime of violence determination under the career offender guidelines:

> "Extortion" is defined as "obtaining something of value from another by the wrongful use of (i) force, (ii) fear of physical injury, or (iii) threat of physical injury." Under case law existing at the time of this amendment, courts generally defined extortion as "obtaining something of value from another with his consent induced by the wrongful use of force, fear, or threats" based on the Supreme Court's holding in *United States v. Nardello*, 393 U.S. 286, 290 (1969) (defining "extortion" for purposes of the Hobbs Act). Consistent with the Commission's goal of focusing the career offender and related enhancements on the most dangerous offenders, the amendment narrows the generic definition of extortion by limiting the offense to those having an element of force or an element of fear or threats "of physical injury," as opposed to non-violent threats such as injury to reputation.

Def. Obj. and Sent. Mem., Ex. C (U.S.S.G., Suppl. to Appx. C, Amendment 798 (Nov. 1, 2016)). In the absence of published Ninth Circuit authority on the issue whether a prior robbery conviction under § 211 categorically qualifies as a crime of violence under the amended career offender guidelines, the court declines to extend the holding of *Becerril-*

3

*Lopez* to the current definition of crime of violence under § 4B1.2, which no longer includes generic extortion among the enumerated offenses.

Accordingly, the court determines that defendant's prior conviction for robbery under § 211 does not qualify as a crime of violence and SUSTAINS defendant's objection to applying the increased base offense level of 22 under § 2K2.1(a)(3). As the court ordered at the sentencing hearing, the applicable base offense level is **20** pursuant to § 2K2.1(a)(4).

**IT IS SO ORDERED.**

Dated: April 17, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge